IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ALFRED SMITH, JR.,

               Plaintiff,

v.

RICK RAEMISCH, Secretary,
Wisconsin Department of Corrections;
MICHAEL THURMER, Warden,
Waupun Correctional Institution;

               Defendants.

ORDER

09-cv-299-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case brought under 42 U.S.C. § 1983, plaintiff James Alfred Smith, Jr., alleged that he has been denied adequate medical care under the Eighth Amendment for more than ten years following a back injury incurred after prison guards used excessive force against him and that various judges have conspired against him in his previous cases brought before this and other courts, denying him due process. Plaintiff sought leave to proceed in forma pauperis on his claims, despite having struck out under 28 U.S.C. § 1915(g).

In an order entered on June 26, 2009, I noted that the allegations in plaintiff's complaint were similar to the allegations contained in two previous cases he brought in this

1

court and that his current complaint suffered from the same problems that resulted in denial of his motions for leave to proceed in forma pauperis in each of those previous cases. In particular, his claims against judges did not qualify for the imminent danger exception to § 1915(g), and with respect to his Eighth Amendment claim, he failed to identify who was denying him medical care, instead relying on general assertions that defendants were responsible because they have supervisory authority over prison staff. Therefore, I denied plaintiff's motion for leave to proceed in forma pauperis without prejudice to his filing an amended complaint. I instructed him that if he chose to file an amended complaint, he would have to (1) limit his complaint to his claim that he is presently being denied medical treatment and (2) name as defendants those persons who are allegedly being deliberately indifferent to his serious medical needs at the present time. Alternatively, if plaintiff intended to pursue his complaint as is, he could do so only as a paying litigant.

Plaintiff responded by reiterating previous requests for appointment of counsel, stating that he did not know who is denying him adequate medical care and whom to name as defendants. I denied plaintiff's motions for appointment of counsel, stating that it was too early in the case to make such a determination, and in any case, plaintiff should not require counsel to set out a simple story detailing what prison staff has done to deny him medical treatment. I explained that if plaintiff wishes to sue parties whose names are unknown to him, he should identify what each person's involvement in the alleged violations

2

were, refer to them as "John Doe" or "Jane Doe" and include them in the caption.

Now plaintiff has responded by filing a proposed amended complaint listing "Rick Raemisch as John Doe" and "Michael Thurmer as Jane Doe" as the defendants. Plaintiff restates his deliberate indifference claim and no longer brings due process claims against judges. In addition, he brings the following new claims: (1) an excessive force claim against unnamed defendants for their assault on him in 1998; and (2) an Americans with Disabilities Act claim against defendants for denying him a wheelchair, which forces plaintiff to "drag himself on the floor." He has not prepaid the $350 filing fee.

Plaintiff's proposed amended complaint suffers from problems similar to those in his previous complaints in this and other cases. First, because plaintiff has struck out under the imminent danger exception to § 1915(g), he cannot proceed in forma pauperis on any claims that do not qualify under the imminent danger exception. Plaintiff's excessive force claim does not qualify under the imminent danger exception because the alleged assault took place more than ten years ago. Further, it is unclear whether plaintiff's ADA claim qualifies under the imminent danger exception because plaintiff does not explain what serious physical injury he faces as a result of the admittedly appalling allegation that he has been forced to drag himself along the prison floor instead of being given a wheelchair.

Even assuming that plaintiff's ADA claim, like his deliberate indifference claim, qualifies under the imminent danger exception, I still cannot grant plaintiff leave to proceed

3

on either of those claims because his complaint continues to violate Fed. R. Civ. P. 8 by failing to explain precisely who the defendants are in this case. He does not specify any defendant by name in the body of the complaint. It is clear from his reference to "Rick Raemisch as John Doe" and "Michael Thurmer as Jane Doe" in the caption and his factual allegations that he wishes to bring claims against other defendants such as prison guards or medical staff but misunderstands this court's instructions on how to name Doe defendants.

I will give plaintiff one final chance to correct the problems in his complaint. Plaintiff must submit a new amended complaint explaining precisely which persons are responsible for denying him medical care and a wheelchair. He should identify the persons from whom he sought medical treatment and what those defendants did in response to his request. Also, because plaintiff may proceed only on claims alleging he is in imminent danger of serious physical harm, he should say when he made his requests. Plaintiff will be allowed to proceed only on claims regarding current denials of medical care, not those that were made in the past. Regarding his ADA claim, plaintiff must explain why he is in imminent danger of serious physical harm as a result of being denied a wheelchair. If plaintiff does not know the name of a particular defendant, he should call that defendant "John Doe #1," call the next defendant "John Doe #2" and so on, and he should add these defendants to the caption of the complaint. Finally, he should not include his excessive force claim in the new amended complaint because those allegations do not qualify under the imminent danger standard.

4

Plaintiff will have until October 15, 2009 to file his new amended complaint. Plaintiff has now reiterated these claims in several lawsuits and continually failed to properly state a claim; this is his final opportunity to do so. Should plaintiff's new amended complaint fail again to make out allegations that satisfy Rule 8, I will dismiss his claims with prejudice.

## ORDER

IT IS ORDERED that:

1. Plaintiff's amended complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8.

2. Plaintiff has until October 15, 2009 to file a second amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this _28th_ day of September, 2009.

BY THE COURT:

BARBARA B. CRABB
District Judge

5